OPINION
{¶ 1} Plaintiffs-appellants Lisa and Michael Nasr appeal the June 5, 2002 Judgment Entry of the Muskingum County Court of Common Pleas which entered summary judgment against them. Defendant-appellee is Careserve, dba Sunnyview Nursing Home.
 STATEMENT OF THE CASE AND FACTS {¶ 2} Appellant was injured at Sunnyview Nursing Home on May 15, 1999, after she fell into a pothole in the Sunnyview parking lot. It was appellant's first visit to the nursing home. On the date of the accident, appellant arrived at Sunnyview at approximately 9:00 a.m. and left around lunchtime. Appellant returned to Sunnyview at approximately 2:00 p.m. and parked in the same row in the parking lot as that morning. Because appellant's afternoon parking spot was further down the row, she had never driven or walked in that specific area of the parking lot prior to her fall.
 {¶ 3} After parking her car, appellant and her cousin removed bags from the trunk for their grandmother, who was a resident at the nursing home. As appellant turned to walk into Sunnyview, she stepped into a pothole, twisted her foot, and fell to the ground. As a result of her fall, appellant suffered a fracture of her foot.
 {¶ 4} Appellant saw the hole after falling because she had physically pulled her foot out of the hole. She testified she did not know if she would have noticed the hole even if she had looked down prior to falling.
 {¶ 5} Darrell Clifford, Sunnyview's maintenance supervisor, and Virgil Clapper, a member of Sunnyview's maintenance staff, each testified the pothole in question was caused by a speed bump removed from the parking lot a few months prior to appellant's fall. Mr. Clapper testified the day the speed bump was removed, the pavement was already cracked in the spot where he said appellant fell. Mr. Clapper felt the crack did not need to be fixed at that time, but he knew from experience that a crack like that would get bigger if not fixed. Mr. Clapper testified he kept an eye on the crack, but would rarely get down on his hands and knees to look at cracks or holes which were located under cars. Mr. Clapper never saw the hole into which appellant fell, as it was located at or under the back of the bumper of any car parked in the spot.
 {¶ 6} On March 22, 2002, appellee filed a Motion for Summary Judgment. Therein, appellee argued the pothole was open and obvious and therefore it had no duty to protect against such a danger. The trial court agreed. In a June 5, 2002 Judgment Entry, the trial court entered summary judgment against appellant and in favor of appellee. The trial court found the pothole in question was not a hidden or concealed defect. Pursuant to the open and obvious doctrine, the trial court found appellee had no duty to protect appellant from the pothole. Because the trial court concluded there were no genuine issues of material fact, the trial court entered judgment in favor of appellees.
 {¶ 7} It is from this judgment entry appellants prosecute this appeal, assigning the following error:
 {¶ 8} "I. THE TRIAL COURT ERRED IN GRANTING DEFENDANT SUNNYVIEW'S MOTION FOR SUMMARY JUDGMENT."
 I {¶ 9} In appellants' sole assignment of error, they maintain the trial court erred in granting summary judgment in favor of appellee. Specifically, appellants argue the Ohio Supreme Court's holding in Texlerv. D.O. Summers Cleaners Shirt Laundry Co. abrogates the open and obvious doctrine in the State of Ohio. Further, appellants maintain even if the open and obvious remains after Texler, there are genuine issues of material fact regarding whether the pothole in question was actually open and obvious, and whether appellee had actual or constructive notice of the pothole. We agree, in part.
 {¶ 10} Summary judgment proceedings present the appellate court with the unique opportunity of reviewing the evidence in the same manner as the trial court. Smiddy v. The Wedding Party, Inc.
(1987), 30 Ohio St.3d 35, 36.
 {¶ 11} Civ.R. 56(C) states, in pertinent part: "Summary Judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence in the pending case, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. . . .A summary judgment shall not be rendered unless it appears from such evidence or stipulation and only therefrom, that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, such party being entitled to have the evidence or stipulation construed most strongly in his favor."
 {¶ 12} Pursuant to the above rule, a trial court may not enter a summary judgment if it appears a material fact is genuinely disputed. The party moving for summary judgment bears the initial burden of informing the trial court of the basis for its motion and identifying those portions of the record that demonstrate the absence of a genuine issue of material fact. The moving party may not make a conclusory assertion that the non-moving party has no evidence to prove its case. The moving party must specifically point to some evidence which demonstrates the non-moving party cannot support its claim. If the moving party satisfies this requirement, the burden shifts to the non-moving party to set forth specific facts demonstrating there is a genuine issue of material fact for trial. Vahila v. Hall (1997),77 Ohio St.3d 421, 429, citing Dresher v. Burt (1996), 75 Ohio St.3d 280.
 {¶ 13} It is based upon this standard we review appellant's assignment of error.
 {¶ 14} This case comes to us on the accelerated calendar. App.R. 11.1, which governs accelerated calender cases, provides, in pertinent part: "(E) Determination and judgment on appeal. The appeal will be determined as provided by App.R. 11.1. It shall be sufficient compliance with App.R. 12(A) for the statement of the reason for the court's decision as to each error to be in brief and conclusionary form. The decision may be by judgment entry in which case it will not be published in any form."
 {¶ 15} This appeal shall be considered in accordance with the aforementioned rule.
 {¶ 16} This Court continues to recognize the validity of the open and obvious doctrine. Akres v. Lenox Inn, Fairfield App. No. 01CA59, 2002-Ohio-4052; Mendell v. Wilson, Stark App. No. 2001CA00258, 2000-Ohio-1003; Baughman v. Park Lanes, Inc., (Jul. 9, 2001), Richland App. No. 00-CA-94; and Olson v. Wilfong Tire, Knox App. No. 01CA08, 2002-Ohio-2522.
 {¶ 17} Notwithstanding our continued recognition of the validity of the open and obvious doctrine, we find the facts, as set forth above, demonstrate genuine issues of material fact as to whether the pothole was "open and obvious." Further, we find genuine issues of material fact also exist as to whether appellee had actual or constructive notice of the danger.
 {¶ 18} Appellant's sole assignment of error is sustained.
 {¶ 19} The June 5, 2002 Judgment Entry of the Muskingum County Court of Common Pleas is reversed and this matter is remanded to the trial court for further proceedings in accordance with the law and our opinion.
By: Gwin, J. and Edwards, J. concur.
Hoffman, P.J. dissents in part and concurs in part.
Topic: personal injury